## Bulkey Squire vs. Andrew Whipple.

A legal apprenticeship can be created only by deed. Quere, whether a *parol* contract of apprenticeship is binding as a contract of service merely?

A *parol* agreement that the son of A. shall serve B. for the term of four years, is void under the statute of frauds, as being a contract not to be performed within a year. And the operation of the statute is not avoided by a service of a few months under the contract. Quere, whether part performance is ever an answer to the statute, except in courts of equity?

THIS action of *assumpsit* was tried at the last *March Term* of the County Court, Chief Justice SKINNER, presiding. The plaintiff abandoned all the counts in his declaration except the first, which was as follows—" For that the defendant heretofore to. " wit at *Bennington* aforesaid on the 1st day of March, 1825, in con- " sideration that the plaintiff, at the special instance and request of " the defendant, promised the defendant to take into his the plaintiff's " employ one *John Whipple* a minor son of the defendant, from said " first day of March, 1825, for the term of four years until the said " *John* should arrive at the age of twenty one years, and instruct him " in the art, trade, and mystery of a *tanner* and *currier*, he the de- " fendant promised the plaintiff that the said *John* should well, truly " and faithfully serve and labor for the plaintiff, in his said busi- " ness of tanning and currying for and during the whole time afore- " said. And the plaintiff avers that in pursuance of said con- " tract, he did take into his employ, on the 1st day of March a- " foresaid, the said *John*, and did, for the term of six months " thereafter and during the whole of said time, faithfully instruct " the said *John* in the art, trade and mystery aforesaid ; and that " he the plaintiff hath fully performed every part of said contract, " on his part to be performed. Yet the said *John* without any " cause or provocation, and contrary to the will of the said plaintiff, " on the first day of January, 1826, and long before the expiration " of said term, left the service and employ of the plaintiff: of which " the defendant on the first day of January, 1826, at *Pownal* afore- " said, had notice." On trial the plaintiff offered to prove by *parol* the facts set forth in the foregoing declaration. To this the de- fendant objected, and the evidence being excluded, a verdict was taken for the defendant. The cause now came before this court upon exception taken, by the plaintiff to the decision of the County Court rejecting the evidence.

Bennington, Jan. 1827. } *Blackmer* and *Hall*, for the plaintiff. It

*Squire* vs. *Whipple.* } will be objected that *parol proof* in this case was inadmissible, because the contract declared on is an apprenticeship, which it is said, by *common law*, must be by deed.— This objection cannot prevail.

1. Because the contract, if by deed, would not constitute an apprenticeship. The son is not retained by the name of an apprentice, and is not himself bound ; the hiring is by the father.— 4 *Bac. Ab.* 557.

2. The father is entitled to the services of the minor son, and may assign them to another.—4 *Com. Dig.* 579.—7 *Mass.* 145, *Day* vs. *Everett.* And the hiring may be by *parol* and for such length of time as the parties please.—5 *Com. Dig.* 584.—6 *Mod.* 182, *Queen* vs. *Daniel.* The *common law* did not require that even a conveyance of land should be in writing ; and hence there is little reason to believe that apprenticeship could only exist by deed. What is taken for *common law* in fact originated in the *Stat.* 5 *Eliz.* But granting this point, it only follows that, instead of the relation of master and apprentice, that of master and servant was formed ; the contract is not therefore void.

The statute of frauds creates no objection to this contract. It is not an undertaking for the debt, default, or miscarriage of another within the meaning of the statute. The promise was original and not collateral, the son was no party to it, and the consideration was wholly between the plaintiff and defendant.—1 *Bur.* 373.—1 *Com. Con.* 56, 59.—*Roberts on Fr.* 219.—10 *Johns.* 242.—17 *Ib.* 114. Neither does this case fall within the provision of the statute relating to contracts not to be performed within one year. 1. Because the contract was in part performed, by the son's having entered the plaintiff's employ and served therein six months under the contract. And 2. because though void as an agreement for the whole period, it was a valid contract for one year. 1 *Sw. Dig.* 132.—5 *T. R.* 471.—10 *Johns.* 244.

*Isham,* for the defendant. That the parties intended to create the relationship of master and apprentice is apparent from the fact, that an obligation is imposed upon the master to instruct, and upon the apprentice to be instructed, and to learn the art and mystery of a *tanner* and *currier.* These facts constitute apprenticeship,

and form the prominent distinction between <span>{ Bennington, Jan. 1827.</span> this relation and that of master and ser- <span>} Squire vs. Whipple.</span> vant. But this intention of the parties could not take effect, except cept the contract were by deed. A *parol* agreement of apprenticeship creates no right and is utterly void. And this provision of the common law is founded in the highest reason, considering the great importance of the contract.—1 *Salk.*68—6 *Mod.* 182—*Ld. Raym.* 1117.—1 *Sw. Dig.* 61.—*Reeve's D. R.* 341.—1 *Bl. Com.* 452.—1 *East*, 533.—*Barnes' Notes*, 57. If the intention in this case was to form an apprenticeship, and by reason of a defect in the contract that intent has failed, the law will not convert this ineffectual agreement into a contract of service. The language of the court in *Rex* vs. *Inhabitants of Laindon*, 8 *T. R.* 379, is, "If the parties cannot avail themselves of the consequence of the condition in which they intended to stand, they shall not be put into another condition in which they did not mean to place themselves."

It is also insisted that this agreement comes directly within the prohibition of the statute of frauds. The case expressly states that the contract was to commence on the first day of March, 1825, and that it required for its performance a period of four years. 1 *Sw. Dig.* 263—10 *Johns. Rep.* 244. Granting for the sake of argument, that there was such a part performance of the contract, as to bring this case within the principle of *Meach* vs. *Stone*, 1 *Chip.*182, still it is contended that a court of law can never take a case out of the statute on the ground of part performance. The only remedy is in *chancery*, where relief is granted upon principles peculiar to the courts of equity.—1 *Sch. & Leff.* 123, 130.— 2 *Johns.* 221.—6 *Ves.* 39.—1 *Madd.* 300.—1 *Bro. C. C.* 417. But the principle of part performance is not applicable to a case of this description. Where the intention of the parties is manifest that the contract is not to be performed within a year, no court of law or equity has ever held that part performance will sustain the contract.—11 *East*, 55.—1 *Barn. & Ald.* 772.—1 *Sw. Dig.* 263.

Royce, J. delivered the opinion of the court. The general question presented by this record, is upon the validity of a *parol* agreement in the terms of that here set forth. And this requires the consideration of two objections which are made by the defendant's counsel. The first is, that this contract is evidently designed

to create the relation of master and appren-
tice between the plaintiff and the defend-
ant's son, that such purpose can be effected only by *deed*, and there-
fore that the present *parol* agreement is ineffectual and void.   The
second is, that as the contract could not, according to its terms, be
fully executed within one year from the making, it is rendered void
by the statute of frauds  for want of a memorandum or note there-
of in writing.

Upon the first question there  seems to be little if any doubt,
that by the common law an apprentice cannot  be bound as such
except by *deed*.   And an infant apprentice was no more able, at
common law, to bind himself by deed in this case than in any oth-
er.   The *statute* 5 *Eliz*. enabled infants under certain circum-
stances, to bind themselves by indentures of apprenticeship ; and
it has been inferred from this that the necessity of a deed origin-
ated in that statute.   But it is laid  down in the time of *H. VI.*
" that an apprentice must be by *deed*, a servant may be by *parol*
contract."   It is true that, for the purpose of avoiding the penal-
ties of the 5 *Eliz*. a service without indentures has been permitted
to avail the party ; but  this has  little influence upon the present
question. Again it is said, that the mere relation of master and servant
confers the necessary right of government, and imposes the duty of
protection.   Hence arises the difficulty of deciding, to what par-
ticular thing the necessity of  a deed attaches.   It is not to bind
the infant by his contract, for at common law he is not bound by
his own deed of apprenticeship ; nor is it to enable the master to
correct and govern the apprentice, for this authority may equally
belong to the relation of master and servant.   The necessity of a
deed then, consists in the effectual renunciation of the natural
rights of the parent and the substitution of the master in his place,
so as to draw after it all corresponding rights and duties.   In this
view the transaction is highly solemn and important, and fully vin-
dicates the wisdom of that peculiar care with which the common
law has guarded it. We are all prepared to say, that the relation
of master and apprentice in its original and legal sense cannot ex-
ist except by *deed*.

An enquiry still remains, whether this agreement, though void
for the purpose of creating an apprenticeship, may not still be good
between these parties by way of contract.   A difference of opin-

ion on this subject existing with the members { Bennigton Feb. 1827.

of the court, no decision is pronounced upon } *Squire* vs. *Whipple.*

the question.

The second objection remains to be considered. Though the execution of the contract was to commence immediately, its complete accomplishment could not take place within one year. This brings the case within the letter of the statute, since the word " performed," as there used is held to mean a full performance or complete execution. And the spirit of the act, in its application to this case, would seem to admit of as little doubt as the words of it. Most, if not all the evils which the statute was intended to prevent, are to be apprehended in cases of this description. But the operation of the statute is said to be avoided in this case because the contract has been in part performed. Those acts of part performance which have been held to entitle a party to the full execution of the contract have little bearing in principle or analogy upon this case.— There has been no more execution of this agreement by one party than the other, and hence they stand on equal ground in respect to fraud or hardship. The reason of the case and the authorities cited concur in showing that this answer to the statute is unavailing ; and besides a doubt may well be entertained whether part performance is not exclusively a ground of equitable jurisdiction.

The court are not at liberty to construe this as a contract for a single year, when it professes to be for a longer period. Nor would such a construction benefit the plaintiff in this action, since he has declared upon the contract as one for four years.

The result is that the judgment of the county court must be affirmed.

*Blackman* and *Hall*, for the plaintiff.

*Isham*, for the defendant.