4778.　FRANKLIN *v.* FORD.

HILL, C. J.　1. The trial judge did not abuse his discretion in overruling the motion for continuance, based on the absence of the defendant and his alleged sickness. This ground of the motion was supported only by the unsworn statement of one who was alleged to be a physician. There was no evidence that the certificate was made by a physician. It also appeared from the record that if the defendant had been present at the trial, the result would not have been different, as no meritorious defense was set up. *Handley* v. *Bank,* 10 *Ga. App.* 383 (73 S. E. 413).

2. An agreement made by the reputed father of a bastard child with the mother of the child that he will pay her $5 a month, on the 20th day of each month, until the expiration of ten years, for the support of the child, is founded on a good consideration and is valid. *Hays.* v. *McFarlan,* 32 *Ga.* 699, 703 (79 Am. D. 317).

3. The mother with whom such a contract has been made has a legal right to sue monthly the putative father, or she can wait until the expiration of the ten years and sue him for the entire amount covered by the contract.

4. The contract being with the mother and obligating the putative. father to pay her so much a month for the support of the child, the mother, and not the child, has a right to sue on the contract.

5. Where the mother employs an attorney to bring suit on the contract at the expiration of the ten years, and he files suit thereon, the mother, after the suit has been filed, can not legally satisfy the suit, or judgment, or decree thereon, without full satisfaction of the fees due the attorney in accordance with her contract with him for such legal services; and where she does settle the suit after it has been filed, without payment of the fees due the attorney, the attorney has a right to control the suit and to prosecute it to a termination, for the purpose of recovering the fees due him according to the contract. *Georgia Ry. & Elec. Co. v. Crosby*, 12. *Ga. App.* 750 (78 S. E. 612).

6. In a suit to recover fees as indicated above, no change or amendment of the pleadings is necessary to perfect the attorney's right to recover. The filing of the suit by him is sufficient to put the defendant on notice as to his rights as an attorney.

7. The evidence demanded the verdict as directed. *Judgment affirmed.*

DECIDED SEPTEMBER 23, 1913.

Attachment; from city court of Floyd county—Judge Reece. December 9, 1912.

*Denny & Wright, Graham Wright,* for plaintiff in error.
*M. B. Eubanks, E. P. Treadaway,* contra.