### 11558.   FRANCIS *v.* BARNWELL.

SMITH, J.  The petition as amended set out a cause of action against the defendant, and was not subject to general demurrer, either on the ground that, the alleged contract being a parol contract, it was contrary to the statute of frauds and could not be enforced, or on the ground that the cause of action was barred by the statute of limitations.
          *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
                    DECIDED NOVEMBER 10, 1920.

Complaint; from Fulton superior court — Judge Bell. April 28, 1920.

The action was based upon parol promises, alleged to have been made to the mother by the father of an illegitimate child, to pay for the child's support and education.  The original petition was filed in 1919.  As amended the petition alleges substantially: that in 1901 the plaintiff gave birth to a daughter as a result of cohabitation with the defendant while engaged to be married to him; that when she discovered that she was pregnant she immediately informed him of the fact, and he then told her that if she would carry the child to maturity and say nothing about his wronging her, he would furnish to her and the child a home and support; that he gave to her $50 just prior to the birth of the child, and aided her sparingly at intervals until July, 1918, paying very small sums and each time stating that he was tem-

porarily out of cash, and giving other excuses for not properly caring for her and his daughter according to his promises, and stating each time that he would furnish the necessary cash to them within a few days, and he continually renewed these promises until he married another woman; that he "repeatedly, every few months, from December, 1903, until he got married in 1919, renewed his promises to petitioner to pay all expenses incurred in rearing, maintaining, and educating said child," and he now refuses to comply with the terms of his contract; that "petitioner has complied strictly with all of the terms of the parol contract entered into between her and defendant, to wit, petitioner has reared, supported, maintained, and educated their daughter, . . . and defendant has done very little towards complying with the terms of his contract;" that because of his said promises she expended $12,594 in rearing, maintaining, educating, and supporting the said child, this being $30 per month from the birth of the child in March, 1901, to June 30, 1919, the time of filing the suit; and that the various sums contributed by him for these purposes (an itemized statement of which is set out, with dates of payment, beginning in 1903 and continuing through each year until July, 1918) amounted only to $194, leaving the sum of $12,400 which the defendant is indebted to the plaintiff, and for which sum she prays judgment. It is alleged that on September 7, 1915, the defendant wrote to the plaintiff a letter enclosing a check, "in which letter he fully recognized his liability on his oral agreement entered into with [her] in 1901 and renewed each time he paid [her] the sums of money set forth in this petition." A copy of the letter is set out. It is signed with the defendant's name, states that a check for $8 is enclosed, mentions the child's name, given in the petition, asks that her books be exchanged for new books, and says: "it will save that much and get those other things she wants;" and tell her "if she don't get what she wants now I will try and get them sometime soon."

The defendant demurred to the petition as amended, on the grounds: (1) No cause of action is set forth. (2) The cause of action is barred by the statute of limitations. (3) The letter alleged to have been written on September 7, 1915, is not such a writing as constitutes a new promise which renews a right of

action already barred by the statute of limitations; it does not identify the debt or.any debt, and does not show that it is connected with a debt growing out of a promise made by the defendant to the plaintiff. The court overruled the demurrer.

*Reuben R. Arnold, E. C. Hill,* for plaintiff in error, cited: Goodrich *v.* Johnson, 66 Ind. 258; Farrington *v.* Donohoe, Ir. Rep., 1 C. L. 675; 15 L. R. A. (N. S.) 320; Squire *v.* Whipple, 1 Vt. 69; Hill *v.* Hooper, 1 Gray, 131; Shute *v.* Dorr, 5 Wend. 204; Abbott *v.* Inskip, 29 Ohio, 59; Civil Code (1910), § 3223 (3); cases cited infra distinguished.

*Hill & Adams,* contra, cited: Civil Code (1910), § 3027; *Hargroves* v. *Freeman,* 12 *Ga.* 342; *Davis* v. *Moody,* 15 *Ga.* 175; *Hays* v. *McFarlan,* 32 *Ga.* 699; *Duncan* v. *Pope,* 47 *Ga.* 445; *Franklin* v. *Ford,* 13 *Ga. App.* 469; 5 Cyc. 647; Id. 639; Civil Code (1910), § 3223; Stowers *v.* Hollis, 83 Ky. 544; McLees *v.* Hale, 10 Wend, 426; Knowlman *v.* Bluett, L. R., 9 Exch. 1; 43 L. J., Exch. 29; 29 L. T. R.; *Flanegan* v. *Garrison,* 28 *Ga.* 136 (2), 139.