Argued February 28, affirmed March 12, petition for rehearing
denied March 22, 1973

# MONTGOMERY, *Appellant, v.* LEDESMA, *Respondent.*

507 P2d 405

*Glenn D. Ramirez,* Klamath Falls, argued the cause
for appellant. With him on the briefs were Ramirez &
Hoots, Klamath Falls.

*Enver Bozgoz,* Klamath Falls, argued the cause and
filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and
THORNTON, Judges.

SCHWAB, C. J.

This appeal presents the question of whether the court has jurisdiction to modify a child support agreement entered into by unmarried parents. We hold that it does not.

This suit arose on plaintiff's second amended complaint filed in 1972, the original complaint having been filed in December of 1971. It alleges: (1) that the plaintiff and defendant, who were never married to each other, are the natural parents of two children, aged 11 and 12; (2) that the parties had previously entered into an agreement in which the defendant agreed to pay $35 per month for the support of each child; and (3) that this amount was insufficient and should be raised to $75 per month per child. The complaint then prayed for an order modifying the agreement accordingly.

The complaint did not have a copy of the agreement attached, and neither party was able to produce either the original or a copy at the trial. However, both parties admitted that there was such an agreement and neither testified that the agreement contained any provisions for modification. Paternity was not admitted in the agreement, but was acknowledged by defendant in separate documents. The parties agree that the agreement was not pursuant to any court proceedings.

The record discloses that in arriving at the private agreement the plaintiff was represented by counsel—specifically, by the office of her present counsel. The plaintiff has cited no relevant authority supporting her position. She cites to us ORS 109.230 which provides:

"Any contract between the mother and father of

a child born out of wedlock is a legal contract, and the admission by the father of his fatherhood of the child is sufficient consideration to support the contract."

This casts no light on the question, because the issue here is not the legality of the agreement, but the power of the court to modify it because of a change in circumstances. She then cites to us various texts saying that such agreements are enforceable. We discern this from ORS 109.230 without extrinsic aid.

She then cites to us *Feves v. Feves,* 198 Or 151, 254 P2d 694 (1953), and *Wells v. Wells,* 2 Or App 221, 467 P2d 650 (1970). Both of these cases deal with the court's power to modify decrees, not with the court's power to modify private agreements.

Finally, our attention is called to ORS 109.060 which reads:

"The legal status and legal relationships and the rights and obligations between a person and his descendants, and between a person and his parents, their descendants and kindred, are the same for all persons, whether or not the parents have been married."

Whether any proceeding on behalf of the children will lie under ORS 109.060 we need not here decide, because clearly this is not such a proceeding. If the $35 per month support money payments were being made as the result of a filiation proceeding, the result might well be different. *See,* ORS 109.125 et seq.

Affirmed.