49471. ROSE et al. v. CONAGRA-GEORGIA, INC.

Deen, Judge.

In support of its motion for summary judgment, the grant of which is appealed from, the plaintiff Conagra established the following: The three Rose defendants and

five other persons became jointly and severally liable to it on a promissory note dated August 19, 1971, in the principal sum of $63,243.88 with interest at 8% per annum, containing a provision for payment of 15% attorney fees and option to accelerate on default, and that it actually did go into default four days later and notice of intention to accelerate was given. The same eight cosigners were also liable to the plaintiff on an open account in the amount of $1,470.42. On April 30, 1973, the plaintiff entered into an agreement with four of the remaining five cosigners to which these defendants were not parties, acknowledging receipts from those four of payments on the indebtedness in a total amount of $40,425.86 plus a promise of an additional $900, in consideration of which the plaintiff agreed to postpone attempts to collect the balance from those signatories for a period of two years, during which time it would attempt to collect proportionate amounts from the defendants Rose, and the signatories agreed at the end of that time that if the plaintiff had not collected the balance owing they would then pay it.

None of this was denied by the defendants Rose except that they generally denied liability and claimed credit for payments of $3,500. To this assertion the plaintiff made no rejoinder. *Held:*

1. The agreement with some of the cosigners, in consideration of their payment of a little less than two-thirds of the principal amount due, to postpone suit against them for a period of two years while attempting to obtain a proportionate amount from the remaining persons liable, did not amount to a satisfaction, release, or novation as to these appellants. The note recited specifically that the makers agreed to be jointly and severally bound; therefore the plaintiff could, at its election, sue one, some, or all of the signatories. *Ghitter v. Edge,* 118 Ga. App. 750 (2) (165 SE2d 598).

2. The sums of principal, interest, open account indebtedness and attorney fees specified in the note equal an amount slightly in excess of the judgment entered and are mathematically calculable. Accordingly, the entry of the summary judgment was not erroneous because of any lack of a substantiating record.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

Argued June 26, 1974 — Decided July 16, 1974.

*Albert B. Wallace, William R. L. Latson,* for appellants.

*Anderson, Walker & Reichert, R. Lanier Anderson, III,* for appellee.