51453, 51454. WARNER v. BURKE (two cases).

CLARK, Judge.

Seeking a court order for temporary and permanent support of her illegitimate minor child, plaintiff-appellee filed this suit alleging that (1) defendant is the child's natural father and (2) defendant has failed to provide adequate support for her child. Defendant's answer denied the material allegations of the complaint. His answer set up an additional defense that shortly after the birth of the child he entered into a voluntary agreement

with the mother to make specified weekly support payments. Defendant-appellant sought summary judgment upon the basis of this voluntary agreement. In his supporting affidavit he averred: "I have in the past been threatened with legal action by [plaintiff mother] for the alleged paternity of [named child]. Because of this threatened legal action and not because I admitted paternity of the aforesaid child, on September 27, 1971, I entered into a voluntary agreement with [plaintiff mother] whereby I would pay Ten and No/100 Dollars ($10.00) per week to her as support for her child. . ." No other evidence was submitted either in support of or in opposition to defendant's summary judgment motion. The motion was denied by the trial court and the case proceeded to trial.

Following presentation of evidence, the trial judge, sitting without a jury, entered judgment in plaintiff's favor. The order stated: "Defendant's temporary and permanent child support payments which are presently being paid pursuant to the agreement of September 27, 1971, are herein and hereby increased to Fifteen and 00/100 Dollars ($15.00) per week. . ." This appeal followed, including an enumeration of error upon the trial court's denial of defendant's motion for summary judgment. *Held:*

1. Settlements of bastardy proceedings are encouraged. State v. Pitner, 42 N. J. 251 (200 A2d 104). Thus, "[A]n agreement by the mother of a bastard not to resort to bastardy proceedings is a good consideration for a pecuniary settlement by the putative father, as is the settlement or dismissal of proceedings already begun, and such an agreement or contract is not immoral or against public policy." 10 CJS Bastards, § 19 (b); *Hays v. Mc-Farlan,* 32 Ga. 699; *Jones v. Peterson, Lott & Paulk,* 117 Ga. 58 (43 SE 417); *Franklin v. Ford,* 13 Ga. App. 469 (79 SE 366). Moreover, an agreement to support an illegitimate child is valid even if parol (*Francis v. Barnwell,* 25 Ga. App. 798 (105 SE 165)), and even if parentage is not acknowledged. See Haag v. Barnes, 11 AD2d 430 (207 NYS2d 624), affd. 9 N. Y. 2d 554 (216 NYS2d 65). Accordingly, the contract between the mother and putative father to support the mother's illegitimate

child is a valid and binding agreement.[1]

In view of the binding support agreement, the putative father's statutory obligation to support the illegitimate child (Code § 74-202) was discharged. 10 CJS Bastards § 19. Thus, the mother could not maintain this action for her illegitimate child's temporary and permanent support. See generally Looney v. State, 25 Ala. App. 23 (140 S 181). And the trial court was without power to modify the contract. Montgomery v. Ledesma, 12 Ore. App. 535 (507 P2d 405). See also Ferris v. Ferris, 227 Ga. 465 (181 SE2d 371). Of course, the mother can sue the putative father for breach of their contract, either monthly or upon the contract's expiration. Franklin v. Ford, 13 Ga. App. 469, supra.

2. The trial court erred in denying defendant's motion for summary judgment.

*Judgment reversed as to case No. 51453. Case No. 51454 is dismissed as being a duplicate of case No. 51453. Pannell, P. J., and Quillian, J., concur.*

ARGUED NOVEMBER 5, 1975 — DECIDED JANUARY 5, 1976.

*Robert O. Davies,* for appellant.
*Russell G. Turner, Jr.,* for appellee.

---

[1]Note that the 1973 amendment to Code § 74-9902 provides that agreements for the support of an illegitimate child are not binding until approved by the court. (Ga. L. 1973, pp. 697, 699).