### 53460. BURDSALL v. YOUNT.

DEEN, Presiding Judge.

The parties entered into a written agreement dated May 20, 1971, by the terms of which the appellant defendant, Burdsall, acknowledging that the plaintiff accused him of fathering her illegitimate child and threatened legal action for support, and that he deemed it to his best interests to avoid a paternity suit with its attendant publicity, agreed with the mother to pay support for the child of $15 per week until it reached majority. After paying, according to his pleadings, some $600, he reneged, and this action is brought to recover a past due balance of $2,995. On these facts the court granted the plaintiff's motion for summary judgment, and the defendant appeals.

1. The defendant argues that the note is unenforceable because obtained by fraud and duress. He bases this conclusion on the facts that (1) he signed it without obtaining legal advice; (2) he denies paternity, and (3) the duress consisted of threats of litigation and attendant publicity. Failure of the defendant to retain counsel is not a defense, it not appearing that this was due to any act of the plaintiff. An admission of paternity is not essential to the validity of a child support agreement. *Warner v. Burke,* 137 Ga. App. 185 (223 SE2d 234). Since the forbearance of the mother to prosecute the putative father of a bastard child constitutes a sufficient consideration to support his promise to pay money for the benefit of the offspring (*Hays v. McFarlan,* 32 Ga. 699; *Hargroves v. Freeman,* 12 Ga. 342) and the giving of such a note to avoid trial after arrest on a bastardy warrant does not constitute duress (*Jones v. Peterson, Lott & Paulk,* 117

Ga. 58 (43 SE 417)) it follows that a mere threat of litigation to establish paternity does not constitute such duress as to avoid the note.

2. The defendant further contends that the evidence was insufficient to support a summary judgment for the amount sued for. The petition was filed in July, 1976 on a note promising to pay $15 per week from May 20, 1971. By answer the defendant admitted having paid $600 on the agreement. The balance would have been more than the $2,995 sued for and recovered. No error harmful to the defendant appears. *Rose v. Conagra-Georgia, Inc.*, 132 Ga. App. 421 (208 SE2d 194).

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED FEBRUARY 16, 1977 — DECIDED
FEBRUARY 24, 1977.

*Paul E. Cormier, Leonard N. Steinberg,* for appellant.

*Cotton, Katz & White, Kenneth Gartlir,* for appellee.