## Nixon *vs.* Perry.

An action will not lie in favor of a person who has expended money in the support and maintenance of a bastard child, against the reputed father of such child, to recover the amount so expended. The only mode of requiring the reputed father of a bastard to support the child is that pointed out in code, §4764.

February 1, 1887.

Parent and Child.    Bastards.    Before Judge John T. Clarke.    Terrell Superior Court.    May Term, 1886.

T. H. Nixon brought two actions of complaint in the statutory form against John B. Perry, on open accounts for the support of the illegitimate child of the defendant, alleged to have been abandoned by him.    On demurrer, the court dismissed both actions, and the plaintiff excepted.

D. A. Vason, by brief; B. F. Christie, for plaintiff in error.

No appearance for defendant.

Blandford, Justice.

The question in this case is, whether an action will lie at the instance of a person who has expended money in

the support and maintenance of a bastard child, against the reputed father of such child. We are of opinion that no such action lies in this State. The reputed father of a bastard child can only be made to support the child in the manner pointed out by the code; that is to say, a warrant must have been issued against him, and he must have been required to give bond to support such child, and when he has given such bond, the ordinary, when the child has become chargeable to the county, may institute an action on the bond so taken, and may recover the full amount of said bond, which judgment is to remain open and be subject to be appropriated by the courts aforesaid, from time to time, as the situation and exgiencies of said bastard child may require. See code, §4764.

The judgment in this case is affirmed.