31604.   WASHINGTON *v.* MARTIN.

DECIDED JULY 16, 1947.

467

*C. E. Hay,* for plaintiff. *Forester & Calhoun,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) At common law the putative father of an illegitimate child is under no legal obligation to support or to educate such child. 10 C. J. S. 86 (c). Accordingly, in this State there is no liability of such father to the mother of an illegitimate child for its maintenance, unless such liability is imposed by statute.

Section 74-202 of the Code provides as follows: "The father of an illegitimate child shall be bound to maintain him. This obligation shall be good consideration to support a contract by him. He may voluntarily discharge this duty; if he shall fail

or refuse to do it, the law will compel him." This section and the sections of Chapter 74-3 of the Code relating to this subject, providing the method by which the putative father may be brought before the proper judicial official and required to give bond for the maintenance and education of his illegitimate child until it reaches the age of 14 years, and § 74-9901, providing for his criminal prosecution in the event of his refusal to give such bond, construed together, provide the only remedy which a mother has against the putative father for the maintenance and education of such child. The provision of § 74-9901 that the fine, in case of conviction, imposed by the court shall be paid over to the ordinary of the county, to be by him invested and applied from time to time, as occasion may require, for the maintenance of such child, etc., and shall not be retained by the officers of the court for the purpose of paying insolvent costs due them, or for any other purpose, makes of these statutes a remedy which the mother of an illegitimate child may set in motion against the putative father.

As hereinbefore pointed out, there being no such liability against such father under the common law, the remedy is entirely dependent upon the statutes hereinbefore quoted and discussed. These statutes, being in derogation of the common law, must be strictly construed. *Robinson* v. *Lotus,* 1 *Ga.* 317; *Young* v. *McKenzie,* 3 *Ga.* 31; *Sugar & Bro.* v. *Sackett,* 13 *Ga.* 463; *Watson* v. *Thompson,* 185 *Ga.* 402, 407 (195 S. E. 190).

The cases of *Hargroves* v. *Freeman,* 12 *Ga.* 342, *Davis* v. *Moody,* 15 *Ga.* 175, *Franklin* v. *Ford,* 13 *Ga. App.* 469 (79 S. E. 366), and *Frances* v. *Barnwell,* 25 *Ga. App.* 798 (105 S. E. 165), are based upon voluntary contracts made by the putative father for the maintenance and education of the illegitimate child, pursuant to the Code, § 74-202, supra. From 39 A. L. R. 436 we quote as follows: "At the present time, when statutes by which a putative father may be compelled to aid in the support and maintenance of his bastard child are generally in force, the courts have less difficulty in finding a legal consideration for contracts of this character, for unquestionably the impending likelihood of being compelled, by legal proceedings, to make provision for the support of an illegitimate child, furnishes a sufficient consideration for a

voluntary contract to provide for the child, and thus escape prosecution, which is usually one of the objects of the agreement."

Accordingly, an action at law will not lie in favor of the mother of an illegitimate child against the putative father for the maintenance and education of such child in the absence of a voluntary contract expressly made by such father for the same. See *Nixon* v. *Perry*, 77 *Ga.* 530 (3 S. E. 253).

The judgment of the trial court, sustaining the general demurrer to the petition in this case, is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*