SUBMITTED MAY 13, 1968—DECIDED MAY 23, 1968.

*Aaron Kravitch,* for appellant.

*Andrew J. Ryan Jr., Solicitor, Tom Edenfield,* for appellee.

## 24604. Y. et al. v. S.

NICHOLS, Justice. The plaintiff, individually and as next friend of her minor child filed a complaint in which she sought a decree that defendant was the father of such child. The petition did not pray for support or any other relief against the defendant save the decree as to paternity. The trial

court sustained the defendant's motion to dismiss the action for failure to state a claim upon which relief could be granted and the plaintiffs appeal. While the plaintiffs pray only for an adjudication of paternity, the petition alleges "that the said . . . mother of the said child is entitled to a decree of this court establishing defendant as the true father of said child because the father of a minor child is legally obligated to support said child and until paternity is established the entire burden of supporting the said child falls on the plaintiff . . . and the child itself has a vested right to know the identity of its father and should not be relegated to a lifetime of embarrassment and ridicule by not being able to legally identify his father." *Held:*

1. Where an adequate remedy at law exists equity is without jurisdiction of the case. *Code* § 37-102; *Wallis v. Staples*, 223 Ga. 256 (154 SE2d 207).

2. "An action will not lie in favor of a person who has expended money in the support and maintenance of a bastard child, against the reputed father of such child, to recover the amount so expended. The only mode of requiring the reputed father of a bastard to support the child is that pointed out in Code § 4764 [*Code* § 74-305]." *Nixon v. Perry*, 77 Ga. 530 (3 SE 253). See also *Washington v. Martin*, 75 Ga. App. 466 (43 SE2d 590). Thus, even if the relief sought (a decree of paternity) could be rendered it would not authorize a future action for the support of the child. Complete relief, up to the amount authorized by law is provided by *Code* § 74-301 et seq., and the relief sought for the child (identity of such child's father) would also be established in such proceedings. Accordingly, the trial court did not err in dismissing the action as failing to state a claim upon which relief could be granted.

*Judgment affirmed. All the Justices concur.*

Submitted May 13, 1968—Decided May 23, 1968.

*Claude N. Norris,* for appellants.
*J. Frank Myers,* for appellee.