## 28374. SPENCER v. THE STATE.

INGRAM, Justice. A jury in Fulton Superior Court convicted the

appellant of the murder of his wife and provided as punishment that he be imprisoned for the remainder of his life. The appellant's amended motion for a new trial was overruled and this appeal contests the correctness of this ruling and also urges that other errors committed in the trial of the case require a new trial.

The state's evidence indicated that shortly after appellant arrived at his home at a late hour on the evening of his wife's death, a next door neighbor heard "loud voices and . . . bumping and knocking" in appellant's home, followed by a gunshot. Upon arrival of police officers at the home, appellant volunteered the statement to one of the officers, when first seeing him, that appellant had killed his wife. The deceased wife was found lying on the kitchen floor of the home with blood coming out of her nose and mouth. A .38 caliber pistol was lying on the kitchen table and the pistol had five live bullets in it and one spent shell. The attending pathologist testified the death of the victim had been caused by a .38 caliber pistol bullet in the head which had been inflicted as a "press contact" wound. The pistol had spots of human blood at the end of the barrel and matter inside the barrel which appeared to be human tissue. The track of the bullet was at a slightly downward angle as it entered the head. Appellant was advised of his constutitional rights by a detective officer but subsequently gave a statement to the officer about the incident in which appellant stated he was putting the gun on top of a cabinet when it accidentally discharged. Appellant, in an unsworn statement at the trial, told the jury: "When I raised up she leaned over the table and bumped the gun and it accidentally went off . . ."

In appellant's motion for new trial, and also as urged in this appeal, it is asserted the evidence was insufficient to support the jury's verdict of guilty because malice was not proven in the case. The law is there can be no murder without malice. While it is true the evidence failed to establish express malice, it did authorize the jury to imply malice on the part of appellant. See *Wilburn v. State,* 230 Ga. 675 (1) (198 SE2d 857). Appellant's initial statement which he volunteered to the first police officer he saw and the physical evidence in the case alone are inconsistent with the defense of accident contended by appellant at the trial. It became a question of fact to be decided by the jury as to which one of these inconsistent theories — murder or accidental homicide — was the real truth of the occurrence. The jury chose

to imply malice from the evidence rather than accident and they were authorized to do so in this case. See *Radcliff v. State,* 220 Ga. 169 (137 SE2d 654).

Appellant complains (for the first time in this appeal) the trial court erred in expressing an opinion concerning questions asked of a witness by appellant's counsel which were prejudicial to appellant. This objection comes too late. There must be some motion or objection made at the trial to give this court an opportunity to consider it. *Ezzard v. State,* 229 Ga. 465 (2) (192 SE2d 374).

Appellant also complains now, through other able counsel, that his trial counsel was ineffective. A review of the trial record quickly reveals that appellant had capable and experienced counsel at the trial who tenaciously and vigorously defended appellant with the only defense available to appellant: the theory of accidental death. The fact the jury chose instead to believe the state's theory of malice implied from all the circumstances shown in the case is not cause for concluding trial defense counsel did not render effective professional assistance to appellant. See *Pitts v. Glass,* 231 Ga. 638.

In other enumerations of error, it is contended the trial court erred in not instructing the jury on the law of both voluntary manslaughter and involuntary manslaughter. This was not error. Manslaughter was not in issue in the case. Appellant's defense counsel submitted a number of requested instructions to the trial court, but manslaughter was not among them. Additionally, it is significant that no objection was made to the trial court's charge by either the state or the defense although the trial court invited counsel to bring any oversight in the charge to the court's attention. It is clear the court's charge to the jury did not include manslaughter because, as stated by appellant's counsel at the trial: "We claim an accident and they claim murder . . ." See *Sirmans v. State,* 229 Ga. 743, 745 (194 SE2d 476), and *Paulhill v. State,* 229 Ga. 415, 417 (191 SE2d 842).

Appellant also enumerates as error instructions given to the jury by the trial court on presumptions, accident, and reasonable doubt, claiming now for the first time on appeal these instructions shifted the burden of proof to appellant at the trial. These instructions were taken from Code Ann. §§ 26-501, 26-602, 26-603 and 26-604. These enumerations of error are without merit. The court's charge to the jury should be considered as a whole. It was a fair and full charge covering the issues to be

resolved by the jury and making it quite clear the burden was upon the state to prove appellant's guilt beyond a reasonable doubt.

Finally, appellant argues the trial court erred in admitting the testimony of a state witness concerning life insurance policies on the life of the deceased. Appellant acknowledges in his brief that "under certain conditions life insurance policies on the life of a deceased naming a defendant as beneficiary are admissible." However, appellant points out that testimony to this effect was inadmissible in this case because the state failed to show knowledge by appellant of the existence of the two policies naming him as beneficiary. The state's witness, an uncle of the deceased, testified that he found the policies at appellant's home on a dresser the evening after the homicide. He also related a conversation he had with appellant approximately two months after the homicide in which appellant stated that his attorney had been given both policies to apply for payment of them. In his unsworn statement to the jury, appellant admitted he knew of the smaller of the two policies, but denied any knowledge of the larger policy until after his wife's death. It was not error to admit this testimony under the circumstances of this case as tending to show the appellant's state of mind and possible motive. See *Johnson v. State,* 130 Ga. 22 (60 SE 158) and *Pulliam v. State,* 199 Ga. 709 (2) (35 SE2d 250). Although it is unnecessary to prove a motive in order to establish the offense of murder, such evidence is admissible and relevant. *Hunter v. State,* 188 Ga. 215, 218 (3 SE2d 729). Appellant's admitted knowledge of one policy and the circumstantial evidence concerning appellant's knowledge of both policies authorized the admission of this testimony for the jury's consideration. Under these circumstances, we find no harmful error to appellant in this enumeration.

No reversible error having been found, the judgment of the trial court is affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 14, 1973 — DECIDED FEBRUARY 6, 1974 — REHEARING DENIED FEBRUARY 18, 1974.

*James C. Carr, Jr., Robert Carpenter,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, James H. Mobley, Jr., Carter Goode, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, B. Dean*

*Grindle, Jr., Deputy Assistant Attorney General,* for appellee.