## 29212. HACKNEY et al. v. THE STATE.

PER CURIAM.

Clarence Lidell Hackney and Frances Mildred Hackney were convicted of armed robbery. Clarence Hackney was given a sentence of fifteen years, and Frances Hackney was given a sentence of one year. They appeal from their convictions and sentences.

The appellants were jointly indicted with Vonrath Nordeen Bergholm, Jerry Lyons Frey, and John Gray Bolton for the armed robbery of the Hungry Bull restaurant in Forest Park. Patricia Ann Bergholm admitted participation in the robbery, and was given immunity from prosecution in return for a statement concerning the robbery. The co-indictees later entered guilty pleas.

1. The appellants contend that the trial court erred in denying their motion to suppress evidence obtained from their residence by an alleged illegal search and seizure without a search warrant.

At the hearing on this motion a police detective of DeKalb County who assisted in the search testified that

Clarence Hackney had given him written consent to search his residence. This written consent was introduced in evidence.

A police detective of the City of Forest Park testified that he had received verbal consent from Clarence Hackney to search his residence, Hackney stating that he had no objections whatsoever to the search, after being advised of his right not to have a search made without a search warrant.

The appellants assert that there was a conflict in the evidence because the written consent was dated January 22, 1973, and the DeKalb detective testified that the search was conducted on that date, whereas the Forest Park detective testified that the search was conducted January 23, 1973, under verbal consent given on that date.

It is apparent that there was a mistake either as to the date of the search, or the date on the written consent, but the evidence showed without conflict that one officer had obtained a written consent, and the other officer an oral consent, to search the residence of the appellants, and that these consents were obtained prior to the search.

The court did not err in denying the appellants' motion to suppress evidence obtained from a search of their residence, nor in admitting this evidence on the trial.

2. The appellants contend that the court erred in denying their motion for mistrial on the ground that two of their co-indictees were allowed to plead guilty in open court before all of the jurors.

These co-indictees admitted their guilt in their testimony at the trial of the appellants' case, and there was no prejudice to the appellants in allowing them to enter their guilty pleas in open court.

3. The appellants complain that the court denied their attorney's request to examine each juror out of the presence of the other jurors.

The record does not reveal whether this request referred to the voir dire questions, or to the individual examination of jurors thereafter. Whichever examination was referred to, there is nothing in the record to indicate that the trial judge abused his

discretion in refusing to allow an isolated examination of each prospective juror. Compare: *Smith v. State,* 225 Ga. 328 (5) (168 SE2d 587); *Pass v. State,* 227 Ga. 730 (8) (182 SE2d 779); *Whitlock v. State,* 230 Ga. 700 (5) (198 SE2d 865).

4. It is asserted that the assistant district attorney trying the case continuously attempted to interject evidence concerning a robbery of a Hungry Bull restaurant in DeKalb County which occurred after the armed robbery for which the appellants were on trial.

The appellants' co-indictees were apprehended after the DeKalb County robbery, and they implicated the appellants in the previous robbery in Forest Park.

We have examined the questions, statements, and testimony pointed out in connection with this enumerated error and find that the trial judge's instructions to the jury and reprimands to the state's attorney were sufficient to prevent any prejudice to the appellants from any mention of the DeKalb County robbery.

5. It is asserted that the court erred in allowing a witness to read the statement of the co-indictee Frey to the jury, and in allowing the same statement to be again read by the assistant district attorney in the presence of the jury.

The statement was objected to on the grounds that it was hearsay evidence as to the appellants on trial, and that it implicated them in crimes other than the one for which they were being tried. After instructions that the portions of the statement implicating the appellants in other crimes be marked out, the trial judge allowed the statement to be read in evidence, subject to the right of the appellants to cross examine Frey with reference to it.

Frey had previously testified. In his testimony, as in his statement, he implicated Clarence Hackney only. (He had formerly been married to Frances Hackney). When he was recalled as a witness, his statement was read to him, since he could not read. He admitted that it was the statement that he signed, and that it was a true account of the events related, except that it incorrectly stated that he had taken Clarence Hackney's share of the money to him about two days later.

Whether or not it was error to admit this statement

as the statement of a co-conspirator made during the time that some of the conspirators were concealing the crime (see *Bennett v. State,* 231 Ga. 458 (202 SE2d 99)), any error was made harmless by the fact that Frey acknowledged at the trial that he had made the statement, counsel for the appellants cross examined him in regard to it, and he testified at the trial to the same facts contained in the statement except the portion he denied, which was not material in convicting the appellants.

6. The appellants complain that State's Exhibit 37 was admitted in evidence, but is missing from the transcript. They further complain that State's Exhibit 35 went out to the jury even though it was not admitted in evidence.

Exhibit 35 is a copy of Frey's statement which was read to the jury. The record shows that the state's attorney did not want the original statement (Exhibit 37) altered by marking out objectionable parts of it, and offered a copy (Exhibit 35) instead, which explains the absence of Exhibit 37 from the transcript.

The trial judge specifically stated that Frey's statement would not go out with the jury. While the transcript contains a copy of Exhibit 35, there is nothing in the record to indicate that Exhibit 35 was sent to the jury room contrary to the trial judge's instruction.

There is no merit in these enumerated errors.

7. The appellants assert that the verdicts of guilty were not supported by the evidence; and that the testimony of the state's witnesses was contradictory in important areas, thereby discrediting their testimony.

The main evidence against the appellants was the testimony of their co-conspirators. All four of them testified that Clarence Hackney participated in the planning and accomplishment of the armed robbery; three of them testified that Frances Hackney was involved in planning it. The testimony of one accomplice may be corroborated by the testimony of other accomplices. *Pope v. State,* 171 Ga. 655 (156 SE 599); *McCormick v. State,* 176 Ga. 21 (4) (166 SE 762).

The conflicts in the testimony of the state's witnesses made an issue for the determination of the jury.

There was ample evidence to authorize the

convictions, and there is no merit in these enumerated errors.

8. It is contended that the trial court erred in the sentencing phase of the trial by admitting in evidence previous sentences of Clarence Hackney because they were not properly certified.

No objection was made to the admission of this evidence at the pre-sentence hearing, and it is too late to raise the question of its admissibility for the first time after verdict. *Hasp v. State,* 228 Ga. 806 (188 SE2d 511).

9. It is asserted that the trial judge erred in failing to give instructions to the jury, or granting a mistrial, at the sentencing phase of the trial, when the assistant district attorney made the statement in the presence of the jury: "Once an armed robber, always an armed robber."

This statement was made while the state's attorney was questioning Clarence Hackney. On objection by defense counsel, the trial judge rebuked state's counsel for making the statement, and counsel apologized to the court and the jury. Defense counsel then asked for a new trial on the sentencing phase.

It was not error for the trial judge to refuse to grant a mistrial.

10. It is contended that the court erred in refusing to grant a new trial on the ground of newly discovered evidence.

The newly discovered evidence was that of Roger C. Slora, a federal prisoner, who made an affidavit stating that: He was in prison in the Clayton County jail during the month of November, 1973, with Frey and Bergholm and heard them plotting to put the blame on Clarence Hackney for the robbery of the Hungry Bull, although they said they had planned and perpetrated the crime without any knowledge on Hackney's part. He was later in the same cell with Bergholm, who told him that he paid a young boy $50 to unlock the door to the restaurant, and that was how they got in. He was later in a cell with Hackney, and on November 21, 1973, (after the date of the appellants' trial), he gave Hackney a letter informing him of these facts.

The state offered the affidavit of a Deputy Sheriff of Clayton County, who stated that at no time during the

incarceration of Frey was he in the same cell as Slora; and that at no time were Frey, Slora, and Bergholm in the same cell together.

The newly discovered evidence merely impeached the testimony on the trial of the co-indictees of the appellants, and the state's counter-showing attacked the credibility of the affiant. The trial judge did not abuse his discretion in denying the motion for new trial on the ground of this newly discovered evidence. *Kitchens v. State,* 228 Ga. 624 (4) (187 SE2d 268).

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent. Hill, J., not participating.*

ARGUED OCTOBER 16, 1974 — DECIDED JANUARY 7, 1975.

*Watson, Brown & Foster, George T. Brown, Jr.,* for appellants.

*William H. Ison, District Attorney, J. W. Bradley, Assistant District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.