## 29815. DANIELS v. THE STATE.

HALL, Justice.

Appellant Daniels appeals from her 1973 Lowndes County convictions and sentences for armed robbery, carrying a concealed weapon, and carrying a weapon without a license. At her jury trial the evidence showed that appellant waited in an automobile with another woman while the women's husbands robbed a hardware store. The other three occupants of the automobile pleaded guilty, and two of them testified for the state at Daniels' trial, though their testimony was at variance in some particulars. Daniels denied that she had any knowledge of the robbery until after the fact, and she denied that she had driven the automobile away from the vicinity following the robbery.

1. On this appeal appellant contends that there was no evidence such as testimony of another accomplice or physical evidence directly implicating her, to corroborate any inference arising from the testimony of the first accomplice sufficiently to convict her of the crimes charged.

Code Ann. § 26-801 provides that "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." The statute further provides in § 26-801 (b) (3) that a person is a party to a crime if he "intentionally aids or abets in the commission of the crime."

The court directly confronted the issue of the sufficiency of corroboration of an accomplice's testimony in *Brown v. State,* 232 Ga. 838 (209 SE2d 180): "It is not required that this corroboration shall of itself be sufficient

to warrant a verdict, or that the testimony of the accomplice be corroborated in every material particular. . . . The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it cannot be said, as a matter of law, that the verdict is contrary to the evidence." Even where the testimony of the state's witnesses is contradictory in important areas, the conflicts present an issue for jury determination. *Hackney v. State,* 233 Ga. 416 (211 SE2d 714).

There was adequate evidence, including corroboration of the first accomplice's testimony, to authorize the jury to conclude that an armed robbery had taken place, a concealed weapon violation had occurred, and appellant had been a party to those crimes. Therefore, answering Enumerations 1, 2 and 8 concerning those convictions, the trial court did not err in refusing to direct a verdict of acquittal and sending the question of guilt to the jury.

2. Enumeration 3 urges that the court erred in overruling a defense objection to testimony by Annie Mae Ross that the two men had a pistol with them when they left the car to go to the hardware store. The ground of the objection was that there was not yet in the record anything tending to show that appellant either knew of the gun or saw it. The objection was properly overruled; the state was attempting to show that an *armed* robbery had been perpetrated by the two men, and whether appellant did or did not know of or see the gun was irrelevant to that point and was not reason to refuse to allow the state to show the presence of a firearm.

3. Enumerations 4 and 6 complain of various trial court rulings adverse to appellant in her attempt to place before the jury on cross examination evidence of prior criminal convictions of the state's witnesses. However, appellant at no time sought to proffer evidence of any such prior convictions, seeking only to cross examine the witnesses concerning them. "A witness cannot be discredited even by his own testimony that he has been convicted of an offense involving moral turpitude; it is

necessary to introduce an authenticated copy of the record of the court in which he was convicted." *Rewis v. State,* 109 Ga. App. 83, 85 (134 SE2d 875). Accord, *Whitley v. State,* 188 Ga. 177, 180 (3 SE2d 588). These enumerations are without merit.

4. The 5th enumeration urges that the trial court erred in overruling a generalized and non-specific objection to the prosecutor's asking allegedly leading questions of Theodore Ross, a participant in the robbery and a state's witness. "A judge is given latitude and discretion in permitting leading questions, and unless there has been an abuse thereof, resulting in prejudice and injury, there is no reversible error." *Brown v. State,* 203 Ga. 218, 221 (46 SE2d 160). Accord, *Daniels v. State,* 230 Ga. 126, 128 (195 SE2d 900). There was no abuse of discretion and this enumeration is without merit.

5. Answering Enumeration 7, the trial court did not err in refusing to allow defense counsel to argue to the jury that Theodore Ross, who had pleaded guilty to the crime, had not yet been sentenced. Such argument was improper because no evidence had been presented that Ross was then unsentenced.

6. Appellant also contends that there was no evidence at all presented that the two male robbers carrying the weapons did not have licenses or that appellant had reason to know they did not have licenses. An examination of the transcript shows that the state did not in fact produce any evidence to support a finding of guilt on the charge of carrying a weapon without a license. Therefore the state's evidence was not sufficient to authorize a conviction of the defendant on this charge. *Freeman v. State,* 233 Ga. 678 (212 SE2d 847).

Appellant's convictions of armed robbery and carrying a concealed weapon are affirmed. Her conviction for carrying a weapon without a license is reversed.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

Submitted April 8, 1975 — Decided June 2, 1975.

*Robert L. Cork,* for appellant.

*H. Lamar Cole, District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.