## 29962. DAVIS v. THE STATE.

HALL, Justice.

The appellant was indicted by a Fulton County Grand Jury for the June 25, 1974 murder of Nicky Willingham, his two-year-old stepson. He was found guilty of murder in a jury trial and sentenced to life imprisonment. This appeal is filed subsequent to denial of motion for a new trial. The autopsy showed that the child whose lower back was marked with recent thermal scalds, died of drowning. The appellant contends that he was bathing the boy to clean him after he soiled his pants and that the child slipped in the tub. There was testimony by an ambulance driver and a policeman that Davis had admitted immediately subsequent to the incident that he had repeatedly forced the child's head under water to "punish" him for soiling his clothing. In a written statement dictated and signed by the appellant at the police station approximately two hours after the incident, he stated that he had whipped the child with a belt, then put him in a tub of hot water to administer to a blister on the child's posterior. "While the baby was struggling, sometimes his head would go under water, but did not think that I was killing him . . . Then I dumped his head under the water, and the baby tried to get up and I would trip him and he would go under again, but he would always get his head out and catch his breath. I did this to him a number of times."

1. Enumerations of error 1-6 and 8-11 challenge the constitutionality of the Georgia death penalty and assert that the court erred in excluding for cause jurors conscientiously opposed thereto, depriving the appellant of a representative cross-section of the community. There is no merit to these contentions. Where the defendant is

not sentenced to death as in the case before the court, he has no standing to object to the constitutionality of the death penalty or the striking of jurors opposed to it. *Walker v. State,* 225 Ga. 734 (1) (171 SE2d 290); *Fountain v. State,* 228 Ga. 306 (2) (185 SE2d 62); *Gaston v. Caldwell,* 229 Ga. 255 (1) (190 SE2d 54); *Pless v. State,* 231 Ga. 228 (200 SE2d 897); *Echols v. State,* 231 Ga. 633 (3) (203 SE2d 165).

2. Enumeration 7 contends that the court erred in denying appellant's motion for a mistrial on the basis of the court's remarks to a juror about the death penalty in that the comments prejudiced the jury against the appellant. An examination of the comments reveals that they were made in order to correct an erroneous answer given by the appellant's counsel in response to a prospective juror's question as to what the law is in cases of murder with respect to the death penalty. The judge made no comment expressing an opinion as to the guilt or innocence of the defendant. It has long been within the realm of a judge's authority to correct misstatements made by counsel as to what the law is. *Jones v. State,* 110 Ga. 252 (34 SE 205). Also, at the time of this occurrence appellant's counsel made no objection to the judge's remarks. It was not until later that he moved for a mistrial. "Generally, when a party permits proceedings to be had, in the process of his case, without making any objection, the court will hold him to have waived the objection . . ." *Woodard v. State,* 91 Ga. App. 374 (85 SE2d 723). There is no merit to this enumeration.

3. Enumeration 12 asserts that the court erred in allowing the assistant district attorney to state the following in his opening statement to the jury prior to a Jackson-Denno hearing on the voluntariness of the appellant's statement to the homicide detective investigating the case: "Detective Young . . . will testify about what his investigation disclosed and what his conferences with the defendant disclosed." This remark did not intimate in any way that the appellant had made a confession or admission, but was merely a proper statement of what the state hoped to prove. *Ledford v. State,* 215 Ga. 799, 800 (113 SE2d 628); *Chambers v. State,* 127 Ga. App. 196 (192 SE2d 916). It is not a contention on

appeal that the statements of the appellant were, in fact, involuntary or improperly admitted to trial. There is no merit to this enumeration of error.

4. Enumerations of error 13 and 28 contend that there was insufficient evidence to support the "intent" and "malice" elements of murder and that the appellant is entitled to a directed verdict of acquittal or a new trial.

Only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law is it error for a trial court to refuse to direct a verdict of acquittal. *Merino v. State,* 230 Ga. 604 (198 SE2d 311); *Phillips v. State,* 133 Ga. App. 461 (211 SE2d 411). The evidence in the case before the court does not demand such a verdict.

Nor is the appellant entitled to a new trial. An examination of the transcript reveals that there is sufficient evidence to support the jury's verdict of guilt. There is no merit to the appellant's contention that his statement to the police has no probative value because it is accompanied by an explanation that would negate malice. *Duke v. State,* 205 Ga. 106 (52 SE2d 455), is not applicable to the facts of this case. In *Duke,* the justification contained in the defendant's admission was that of self-defense. That is vastly different from the asserted justification of "punishing" a two-year-old child for violating the terms of toilet training. Even without the appellant's admission, there is enough circumstantial evidence to authorize the jury to imply malice sufficient to support a verdict of murder. *Spencer v. State,* 231 Ga. 705, 706 (203 SE2d 856). Furthermore, the jury was authorized to find the appellant guilty of felony murder under the Cruelty to Children Statute, Code Ann. § 26-2801, irrespective of malice. Code Ann. § 26-1101 (b).

5. Enumerations 14-20 and 24, 26 and 27 challenge the failure of the court to give certain requested charges of the appellant and the charge given by the court as to implied malice and presumption of malice. These assertions have no merit. The charge considered as a whole was complete and correct. "It was a fair and full charge covering the issues to be resolved by the jury and making it quite clear the burden was upon the state to prove appellant's guilt beyond a reasonable doubt."

*Spencer,* supra, pp. 707-708. If a charge as a whole is complete it is not error to fail to charge in the exact language requested. *McClendon v. State,* 231 Ga. 47, 48 (199 SE2d 904).

Likewise, there is no merit in appellant's contention that the charges on implied malice and presumption of malice shifted the burden of proof to the appellant. The charges were correct.

6. There is no merit to enumerations 21-23, contending that the court was in error in charging on cruelty to children and assault and battery, nor to the contention that Code Ann. § 26-2801, Cruelty to Children, is void for vagueness. The charges were properly given in defining the elements of felony murder and lesser included offenses and were justified by the evidence. See Code Ann. § 26-2801. It is a totally frivolous argument to contend that Code Ann. § 26-2801 is void for vagueness. Under no circumstances could the reasonable man interpret the statute to apply to normal punishment of a child, nor could the appellant's treatment of the decedent be construed to be normal punishment.

7. The appellant contends in enumeration 25 that the charge to the jury on the law of confession was error because the appellant's statement was no more than an admission. This charge was properly given.

A confession is a statement inconsistent with the possibility of accused's innocence of the crime charged. Only where the statement in question contains some exculpatory or *legally justifying* facts making it an admission and not a confession is a charge on confession erroneous. *Robinson v. State,* 232 Ga. 123 (205 SE2d 210). The court fully charged the jury on the law of both confessions and admissions. It was a question for the jury to determine whether the appellant's statements amounted to a confession or were merely an admission.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

ARGUED JUNE 11, 1975 — DECIDED
JULY 2, 1975.

*John A. Nuckolls, Harold A. Horne,* for appellant.
*Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Staff Assistant Attorney General, Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney,* for appellee.