## 30450. ROLLAND v. THE STATE.

INGRAM, Justice.

Appellant was indicted, tried before a jury and convicted in Fulton Superior Court of two offenses: (1) the armed robbery of Charlie Walter Scott, by the use of a pistol, of 89 cents worth of gasoline; and (2) possessing the pistol without a license. He received a sentence of 20 years for the armed robbery and a concurrent sentence of 12 months for the misdemeanor pistol conviction. His motion for a new trial was overruled by the trial court and he appeals to this court.

Three questions are presented for decision. The first is whether the trial court erred in failing to charge without request on the law of attempted armed robbery. The second is whether the trial court erred in refusing to permit appellant's counsel to argue to the jury the credibility of the state's principal witness by commenting on the prior conviction of the witness for the offense of bastardy. Finally, appellant urges he should have been granted a directed verdict of acquittal in the trial court.

We find no basis for reversal of the trial court's judgment.

Briefly stated, the evidence indicates appellant and a companion drove into a service station attended by Charlie Walter Scott in Fulton County. Appellant got out of the car on the passenger side after his companion, who was driving, asked for $1 worth of gas. Scott, the station attendant, testified that while he was pumping the gas, appellant approached him with a pistol covered by a stocking cap and directed that he walk to the station bathroom. Scott told appellant he did not have any money and, as they talked, two customers drove into the station. Appellant then got back into the car with his companion and they drove off without paying for the gas. Scott called the police and the suspects were apprehended a few minutes later by police officers. Scott also testified he would have collected for the gas if appellant had not pulled the gun on him and tried to rob him, but that he was never paid for the gas.

Appellant was the only witness for his defense. He admitted having the pistol and that he did not have a license for it. However, he denied robbing Scott and testified that Scott told him he had wanted to buy a pistol and that he was trying to sell this pistol to Scott. However, they got into an argument about another matter and Scott refused to buy the gun. Appellant then testified that he told Scott, "Since you ain't going to do it, I ain't going to pay for this gas and he said you didn't order the gas no way, the man, the driver ordered the gas and I said I'm the one that told him and we got in the car, we turned around and we drove off."

Appellant's testimony at trial was basically the same version of the incident he had given earlier in a written statement to the police officers which was admitted into evidence as state's Exhibit No. 3. During the course of the trial, the station attendant, Scott, was asked on cross examination by defense counsel about an accusation which charged him with the offense of bastardy. It was never offered into evidence, but the witness did admit he had entered a plea of guilty to an offense of bastardy in 1967. The trial court refused to allow defense counsel to argue the bastardy offense to the jury in an effort to impeach the credibility of the witness' testimony.

We consider first appellant's contention that the trial judge was required to charge the jury without request the law of attempted armed robbery. The jury was instructed on armed robbery and on theft by taking but not on the attempt to commit either crime. Code Ann. § 26-1001 provides that a person commits criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime. The indictment charges appellant committed this armed robbery by taking 89 cents worth of gas from the station attendant through the use of a pistol. Appellant denied using the pistol to take the gasoline, but admitted the theft of the gasoline. The station attendant testified appellant confronted him with the pistol but was apparently frightened away by the arrival of other customers and took only the gasoline without paying for it.

Thus if the jury believed the attendant's version of the confrontation, appellant may have intended to take not only the gasoline but also money or something else of value from the attendant. In fact, appellant took only the gasoline.

Under this indictment and the facts of this case, we do not believe that attempted armed robbery was in issue. Appellant admitted the gasoline theft and the only disputed question the jury had to resolve was whether the gasoline was stolen by the use of the pistol or whether it was not. If the admitted theft of the gasoline was accomplished by the use of the pistol, this would constitute the completed crime of armed robbery. If the pistol was not used to take the gasoline, then appellant, by his own admission, was guilty of the offense of theft by taking, but nothing else. The fact that appellant may also have intended to take additional items of value from the attendant but failed to do so would not reduce the completed crime of armed robbery to an attempt to commit armed robbery, nor would there have been more than one armed robbery if he had been successful in taking other items. See, e.g., *Creecy v. State,* 235 Ga. 542 (1975).

Thus, under the victim's testimony, appellant was guilty of armed robbery while under appellant's

testimony there was no armed robbery but there was a theft by taking of the gasoline. The evidence offered the jury a choice of one of two completed crimes or of no crime at all. See *Watson v. State,* 235 Ga. 461 (219 SE2d 763) (1975). As there was no evidence requiring a charge on attempt to commit armed robbery, the trial court did not err in failing to charge the jury on the law relating thereto. *Smith v. State,* 228 Ga. 293 (1) (185 SE2d 381) (1971).

The second issue presented in this appeal is whether the trial court erred in refusing to permit defense counsel to argue in closing to the jury that a prior bastardy conviction of the state's principal witness could be considered in weighing the credibility of his testimony. Counsel admitted at trial that he purposefully did not introduce into evidence any record of the prior conviction because he did not want to lose the closing argument under Code Ann. §§ 38-415 and 27-2201. Nevertheless, he argues on appeal that bastardy was a crime involving moral turpitude and since the state's witness admitted the conviction there was sufficient evidence to permit defense counsel to comment on it in his closing argument to the jury.

It is unnecessary to decide whether the crime of bastardy as it previously existed under Georgia law was a crime involving moral turpitude. The rule is that "[a] witness cannot be discredited even by his own testimony that he has been convicted of an offense involving moral turpitude; it is necessary to introduce an authenticated copy of the record of the court in which he was convicted." *Rewis v. State,* 109 Ga. App. 83, 85 (134 SE2d 875) (1964). Accord, *Whitley v. State,* 188 Ga. 177, 180 (3 SE2d 588) (1939); *Daniels v. State,* 234 Ga. 523, 524 (216 SE2d 819) (1975). Counsel made a choice at trial and must now abide with that choice. The trial court permitted counsel to ask a few questions about the bastardy matter on cross examination and so it was brought to the jury's attention. The district attorney stated in open court he had no objection to the introduction in evidence of a properly certified copy of the conviction but defense counsel deliberately did not offer it since he did not want to waive closing argument. Closing argument is a valuable tool

and, while we cannot fault counsel for insisting on it, we will not order a new trial because he chose not to introduce the record of the prior conviction he subsequently wanted to argue to the jury. We hold the trial court did not err in sustaining the prosecution's objection to this part of defense counsel's argument.

Appellant's final contention is that the trial court erred in refusing to grant a motion for a directed verdict of acquittal of armed robbery. This contention is without merit, as the evidence authorized the jury's verdict of guilty of this offense. Even where the testimony of the state's witnesses is contradicting in some areas, the conflict presents an issue for jury determination. See *Hackney v. State,* 233 Ga. 416 (211 SE2d 714) (1975), and *Daniels v. State,* supra, p. 524. It is only when the evidence demands a verdict of not guilty that it is error for the trial court to refuse a motion for a directed verdict of acquittal. See *Davis v. State,* 234 Ga. 730 (218 SE2d 20) (1975).

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs specially.*

SUBMITTED OCTOBER 28, 1975 — DECIDED JANUARY 6, 1976.

*A. Glen Steedley,* for appellant.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney, Arthur K. Bolton, Attorney General, Julius C. Daugherty, Jr., Staff Assistant Attorney General,* for appellee.

HILL, Justice, concurring specially.

I concur in the judgment of the court although my reasons vary from those of the majority.

It may seem harsh to the casual reader that this defendant received a 20-year sentence for the armed robbery of 89 cents worth of gasoline. The defendant was prepared to take, by use of a pistol, all the money he could. That he was unsuccessful in his primary endeavor does not lessen the seriousness of his crime, nor does it mean that he was guilty only of attempted robbery. Add to this that he had four prior convictions, one for armed robbery, and the 20-year sentence is explained.

The crime of bastardy, a misdemeanor, is committed not by having a child out of wedlock but by the father's refusal or failure to post security for the maintenance and education of the child and for the mother's expenses while lying in. Code Ann. § 74-9901. This crime is in derogation of the common law (*Washington v. Martin,* 75 Ga. App. 466, 468 (43 SE2d 590) (1947)), and it may have been repealed by Ga. L. 1973, p. 697. In any event, a person's inability to post security is not a crime involving moral turpitude. Thus the crime cannot be used as the basis for impeachment and the trial court did not err, in my view, in restricting defense counsel's argument accordingly. I therefore concur in the judgment of the court.