## 52118. McCARTY v. THE STATE.

QUILLIAN, Judge.

Appellant was indicted, tried and convicted for the crime of possession of marijuana. He appeals his conviction. *Held:*

1. Appellant contends his right to a thorough and sifting cross examination of the state's witness Battle, was abridged. We do not agree. James Battle was a soldier stationed at Fort Benning, Georgia. He was working as an informer for the Army Criminal Investigation Division (C.I.D.). An apparent agreement was reached between Battle and the appellant for a sale of marijuana, to be consummated on the Fort Benning military reservation. However, shortly before the sale was to be made, appellant changed the place of the sale to an off-post location within the jurisdiction of the civilian police.

Various civilian police officers were stationed near

the scene and after the informant gave the signal police officers attempted to arrest the appellant. However, appellant swiftly departed and was finally arrested after a pursuit of about two miles. During this time the purported marijuana was thrown out of the car, but was later recovered.

During the trial, appellant's counsel asked the state's witness Weiniger, a criminal investigator for the Army: "Q. So, Mr. Battle wasn't a regular CID agent, was he? A. No, sir. Q. He was somebody that was cooperative with you, was he not, to save his own neck, right? Tell me the truth, Sergeant, was he not trying to save his own neck by setting somebody else up? A. The terminology of setting up is improper . . .Cooperating with us to save his own neck really isn't proper, too. Q. . . . .I'm simply trying to get at the fact that Battle may have had something at stake by furnishing you with information, is that correct? A. That's quite possible."

On cross examination of the state's witness Battle, appellant's counsel asked: "Q. Were you in potential trouble with the (C.I.D.)?" The district attorney objected that counsel was attempting to impeach a witness and "its not the way to do it." "Q. Had you been reported for using drugs? The Court: Don't ask him that question any more; that's not the way to impeach a witness." Later appellant's counsel asked Battle: "Q. Were you working with the C.I.D. because they had something on you?" An objection was sustained and the Court admonished counsel, "I have told you that is not the way to impeach a witness and its irrelevant for any other purpose."

A witness may be impeached in any one of the methods set forth in Code Ann. Ch. 38-18, by disproving facts testified to by him (Code § 38-1802), by previous contradictory statements (Code § 38-1803), evidence of general bad character (Code § 38-1804), and proof of conviction of a crime involving moral turpitude (*Beach v. State,* 138 Ga. 265 (1) (75 SE 139)).

Although both parties are entitled to a "thorough and sifting" cross examination (Code § 38-1705), this right is not unlimited. *White v. State,* 74 Ga. App. 634 (40 SE2d 782). The scope of cross examination rests largely within the discretion of the trial judge who has the right to

impose reasonable limitations, and his ruling will not be disturbed unless such discretion be abused. *Moore v. State,* 221 Ga. 636, 639 (2) (146 SE2d 895). This right must be "tempered and restricted so as not to infringe on privilege areas or wander into the realm of irrelevant testimony." *Eades v. State,* 232 Ga. 735, 737 (208 SE2d 791). The relevancy of the question suppressed could only have gone to impeachment of the witness by showing previous acts of misconduct. While a witness may be discredited by proof of general bad character or conviction of a crime involving moral turpitude, it is not competent to discredit him by showing that he has committed, been arrested for, confined for, or even indicted for such an offense. *Davis v. State,* 60 Ga. App. 772, 773 (2) (5 SE2d 89); *Smallwood v. State,* 95 Ga. App. 766 (3) (98 SE2d 602); *Beach v. State,* 138 Ga. 265 (1), supra. Neither may general bad character be proved by individual acts. *Johnson v. State,* 61 Ga. 305 (2); *Davis v. State,* 60 Ga. 772, 774, supra. Furthermore, a witness cannot be discredited even by his own testimony that he had been convicted of a crime involving moral turpitude. It is necessary to introduce an authenticated copy of the record of the court in which he was convicted. *Daniels v. State,* 234 Ga. 523 (3) (216 SE2d 819); *Rolland v. State,* 235 Ga. 808, 811 (221 SE2d 582). We find the defendant's right to a "thorough and sifting" cross examination of the witness Battle was not prejudicially abridged. This enumeration is without merit.

2. The general grounds are without merit. The evidence, although circumstantial in part, is sufficient to support the verdict of the jury and the judgment of the court.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED MAY 5, 1976 — DECIDED JUNE 18, 1976.

*Michael P. Fox,* for appellant.
*E. Mullins Whisnant, District Attorney, Douglas C. Pullen, Assistant District Attorney,* for appellee.