## 56264. WHITE v. THE STATE.

BANKE, Judge.

The defendant appeals the denial of his motion for new trial following his convictions for burglary and aggravated assault. The commission of the aggravated assault was by assault with intent to rape.

The victim testified that a man, whom she identified as the defendant, entered her apartment through a sliding glass door, leaped into her lap as she was sitting on a sofa, put a hand over her mouth, and told her, "All I want is just a minute of your time." While keeping her pinned on the couch with his knees and continuing to hold his hand over her mouth, he began unfastening her clothes and fondling her breasts. He then pushed her back on the sofa and attempted to remove her pants. In response to her continued pleas not to hurt her, the assailant said, "You are going to be one of those rough ones, aren't you?" and began to choke her. She noticed at this time that his pants were unzipped. Hearing footsteps on the stairs outside her front door, she began to scream and struggle. The assailant pushed her against a glass bookcase, causing it to break and to cut her back, and then fled.

The defendant denied that he had ever been to the victim's apartment and presented an alibi defense. However, his fingerprints were lifted from the metal frame of the screen on the sliding glass door through which the assailant had entered the apartment, and clothes matching the description of the ones the assailant had been wearing were seized during a search of his home. Furthermore, a man positively identified as the defendant was seen in a business establishment only a

few yards away from the apartment a short time before the assault. *Held:*

1. The evidence supported the verdict, and the general grounds of the motion for new trial were properly overruled.

2. It was not error to refuse the defendant's requested charge on simple assault as a lesser included offense to aggravated assault. "A person commits aggravated assault when he assaults (a) with intent to . . . rape . . ." Code Ann. § 26-1302. The only reasonable inference which may be drawn from the victim's testimony is that the assault on her was motivated by an intent to commit rape. The defendant did not testify that his actions were motivated by some other intention, but instead maintained that he was not the perpetrator. Accordingly, there was no evidence to warrant a charge on simple battery, and it was not error to refuse the requested charge. Accord, *Craighead v. State,* 126 Ga. App. 300 (2) (190 SE2d 606) (1972); *King v. State,* 127 Ga. App. 83 (192 SE2d 392) (1972); *Hibbert v. State,* 146 Ga. App. 887 (1) (1978). See generally *State v. Stonaker,* 236 Ga. 1, 2 (222 SE2d 354) (1976).

3. One of the witnesses presented by the defendant in support of his alibi defense was recognized by the prosecuting attorney as having recently been convicted of a felony. Questioned without objection about this on cross examination, the witness admitted to the conviction. The defendant enumerates as error the trial court's subsequent charge to the jury, that the evidence of the prior conviction could be used to impeach the witness.

Generally, "a witness cannot be discredited even by his own testimony that he had been convicted of a crime involving moral turpitude. It is necessary to introduce an authenticated copy of the record of the court in which he was convicted. *Daniels v. State,* 234 Ga. 523 (3) (216 SE2d 819); *Rolland v. State,* 235 Ga. 808, 811 (221 SE2d 582)." *McCarty v. State,* 139 Ga. App. 101, 103 (227 SE2d 898) (1976). However, in this case no objection was made to the witness' admission; and, therefore, it became valid evidence. Accordingly, the charge on impeachment does not constitute reversible error.

4. The failure to grant a preliminary hearing will

not be construed as reversible error after indictment and subsequent conviction. *State v. Middlebrooks,* 236 Ga. 52 (2) (222 SE2d 343) (1976). This is particularly true where, as here, the defendant has made no showing that he was harmed by his failure to receive a preliminary hearing.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 11, 1978 — DECIDED SEPTEMBER 21, 1978.

*Howard, Cook & Mullinax, Charles A. Mullinax,* for appellant.

*M. Randall Peek, District Attorney, Robert E. Wilson, Assistant District Attorney,* for appellee.