## 59312. DABNEY v. THE STATE.

SOGNIER, Judge.

Dabney was convicted in the State Court of Fulton County of counselling and commanding a female in the commission of prostitution (Accusation No. 185583), and soliciting a female to commit prostitution (Accusation No. 185582). On appeal, Dabney contends that (1) the state failed to prove venue as to Accusation No. 185582; (2) the trial court erred in denying his motion for a directed verdict because the only evidence was the uncorroborated testimony of an accomplice; (3) the evidence was not sufficient to sustain the verdict; and (4) the trial court erred by failing to give Dabney's requested instruction on circumstantial evidence.

1. The evidence authorized the jury to find that late in the evening of December 16, 1977 Dabney was introduced to a woman at Cisco's, a nightclub located in Fulton County. On learning the woman was a prostitute, they had a lengthy discussion regarding the woman working for Dabney. The discussion lasted until the early morning hours of December 17, 1977, resulting in the woman's agreement to work for Dabney, live at his house in Decatur and give him all the money she earned. Pursuant to that agreement she went home with Dabney and subsequently moved her clothing and some kitchen utensils into Dabney's home. From that time until December 31, 1977 she and two other prostitutes living at Dabney's home went out working, and she gave the money she earned to Dabney. Although the state argues that Accusation No. 185582 charged Dabney with pimping, that indictment charged him with pandering. Regardless of the offense charged it occurred in Fulton County, and Code Ann. § 26-302 (a) provides that criminal actions shall be tried in the county where the crime was committed. As the evidence that Cisco's was in Fulton County was undisputed, such evidence is sufficient to establish venue in Fulton County. *Alderman v. State,* 241 Ga. 496, 509 (5) (246 SE2d 642) (1978); *Aldridge v. State,* 236 Ga. 773, 774 (1) (225 SE2d 421) (1976). Thus, the enumeration is without merit.

2. In regard to Enumeration 2, Code Ann. § 38-121 provides that the testimony of a single witness is generally sufficient to establish a fact, with certain exceptions. Misdemeanors do not fall within the exceptions. "In numerous decisions our courts have held that corroboration of an accomplice is not necessary to sustain a misdemeanor conviction. [Cits.]" *C. C. R. v. State of Ga.,* 145 Ga. App. 27 (243 SE2d 601) (1978). Thus, no error was committed in denying appellant's motion for a directed verdict.

3. Appellant contends in Enumeration 3 that the evidence was

not sufficient to support a verdict. However, the facts set forth in Division 1 are more than sufficient to support the verdict. The weight of the evidence and the credibility of witnesses is for determination by the jury, *State v. Smith,* 134 Ga. App. 602 (215 SE2d 345) (1975), and the jury accepted the testimony of the state's witnesses. We find that a rational trier of fact could reasonably find from the evidence adduced at trial proof of Dabney's guilt beyond a reasonable doubt. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979).

4. There is no merit to Enumeration 4, as all evidence was direct evidence and the main prosecution witness was not impeached, as a witness cannot be discredited by his own testimony that he had been convicted of an offense involving moral turpitude without introducing an authenticated copy of the record from the court in which he was convicted. *White v. State,* 147 Ga. App. 260, 261 (3) (248 SE2d 540) (1978).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

ARGUED JANUARY 14, 1980 — DECIDED APRIL 15, 1980.

*A. Michael Washington,* for appellant.
*Hinson McAuliffe, Solicitor, Deborah S. Greene, Assistant Solicitor,* for appellee.