510 S.E.2d 910 (1999)
236 Ga. App. 60
In the Interest of A.F., a child.
No. A98A2276.
Court of Appeals of Georgia.
January 20, 1999.
*911 Larry H. Tatum, Norcross, for appellant.
Daniel J. Porter, District Attorney, Dawn H. Taylor, Assistant District Attorney, for appellee.
McMURRAY, Presiding Judge.
A.F. was adjudicated delinquent after the juvenile court found he committed an act which, had he been an adult, would have supported a conviction for criminal damage to property in the second degree. OCGA § 16-7-23(a)(1). On appeal, he asserts eight enumerations of error which all relate to the sufficiency of the evidence supporting the juvenile court's ruling.
1. "In juvenile proceedings, the standard of proof on charges of a criminal nature is the same as that used in criminal proceedings against adultsproof must be beyond a reasonable doubt." (Citations and punctuation omitted.) In the Interest of J.T.M., 200 Ga.App. 636, 637, 409 S.E.2d 256. In order to sustain a "conviction for criminal damage to property in the second degree, the State was required to offer probative evidence which would sufficiently allow the [factfinder] to conclude [A.F.] intentionally caused in excess of $500 damage to the property of another person without that person's consent. OCGA § 16-7-23(a)(1). Our cases detail several proper methods for proving the value of the damage. A lay witness may give her opinion as to that value so long as she states the facts on which she bases her opinion or otherwise shows she had the opportunity to form a correct opinion. Yarber v. State, 144 Ga.App. 781, 242 S.E.2d 372 (1978). The cost of an item, so long as it is coupled with other evidence of its condition before and after the damage, may allow the [factfinder] to determine the value of [the] damage to everyday items. Id. Compare Pate v. State 158 Ga.App. 395, 396(2), 280 S.E.2d 414 (1981) (evidence of cost or purchase price alone is insufficient). Evidence of the cost to repair an item may also suffice. Holbrook v. State, 168 Ga.App. 380(1), 381, 308 S.E.2d 869 (1983)." Bereznak v. State, 223 Ga.App. 584(1), 478 S.E.2d 386.
In this case, the only evidence of damage in excess of $500 was the victim's testimony that she obtained an estimate to repair her van in the amount of $605 from "the dealer." She acknowledged that the damage to her van was not repaired for this price. The victim's testimony about the repair estimate she obtained was inadmissible *912 hearsay. In the Interest of J.C., 163 Ga.App. 822(1), 296 S.E.2d 117. Since this hearsay was the only evidence establishing the amount of damage to the victim's van, A.F.'s adjudication of being delinquent for committing an act which would have supported a conviction for the offense of criminal damage to property in the second degree were he an adult must be vacated. Curtis v. State, 190 Ga.App. 173, 175(2), 378 S.E.2d 516. The failure of A.F.'s counsel to object to the victim's hearsay testimony does not alter this conclusion. "`Since ordinary hearsay testimony is not only inadmissible but wholly without probative value, its introduction without objection does not give it any weight or force whatever in establishing a fact.' [Cits.]" Duke v. State, 205 Ga. 106, 110, 52 S.E.2d 455. See also Calhoun v. State, 213 Ga.App. 375, 376(4)(a), 444 S.E.2d 405.
2. The evidence is sufficient to support an adjudication of delinquency for committing an act which would support a conviction for the offense of criminal trespass to property under OCGA § 16-7-21(a) were he an adult. This is a lesser offense included within criminal damage to property in the second degree. Jennings v. State, 226 Ga. App. 461, 486 S.E.2d 693. Consequently, we remand with direction that an adjudication of being delinquent and a disposition thereof be entered for committing an act which would have supported a conviction for the offense of criminal trespass to property were he an adult. Hogan v. State, 193 Ga.App. 543(1), 388 S.E.2d 532; Choate v. State, 158 Ga.App. 8, 279 S.E.2d 459. This result does not violate A.F.'s due process right to be notified of the charges against him. "A defendant is on notice of ... lesser crimes which are included in the crime charged as a matter of law, OCGA § 16-1-6...." McCrary v. State, 252 Ga. 521, 524, 314 S.E.2d 662.
3. A.F. next contends the evidence was insufficient to support his adjudication of being a delinquent because the State's case was based on the uncorroborated testimony of an alleged accomplice. "In numerous decisions our courts have held that corroboration of an accomplice is not necessary to sustain a misdemeanor conviction." (Citations and punctuation omitted.) Dabney v. State, 154 Ga.App. 355(2), 268 S.E.2d 408. Since we have vacated A.F.'s adjudication of delinquency for acts which would constitute a felony, were he an adult, this enumeration is without merit. OCGA § 16-7-21(d).
4. We find no merit in A.F.'s remaining enumerations of error.
Judgment vacated and case remanded with direction.
BLACKBURN and ELDRIDGE, JJ., concur.